AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| JOEL ESPINOZA GUDINO (01) | ) | 4:25-MJ-158 |
| RODRIGO ANGEL (02) | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**FILED**

JUN 1 3 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ June 10, 2025 _____ in the county of _____ Denton _____ in the
_____ Eastern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C.  § 922(g)(5)(A) | Illegal alien in possession of a firearm. |
| 18 U.S.C. § 371 | Conspiracy to commit offense or to defraud the United States. |

This criminal complaint is based on these facts:

See the attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Derek Peters, ATF
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 06/13/2025 _____

_____
*Judge's signature*

City and state:    Sherman, Texas

Aileen Goldman Durrett, Magistrate Judge
_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA

v.

No.  4:22-MJ-158

JOEL ESPINOZA GUDINO (01)
RODRIGO ANGEL (02)

## CRIMINAL COMPLAINT

**Alleged Offense:**

I, Special Agent Derek Peters, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On, or about, June 10, 2025, in the Sherman Division of the Eastern District of Texas, the defendant, **Joel Espinoza Gudino** and **Rodrigo Angel**, did knowingly and unlawfully possess a firearm in violation of 18 U.S.C. § § 922(g)(5)(A), and 371.

**Probable Cause:**

I, Special Agent Derek Peters, Affiant, state that I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), United States Department of Justice.  I have been so employed since February 2020, and I am currently assigned to the Dallas Field Division's Group 8: Firearms Trafficking Task Force.  I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC), located in Glynco, Georgia, and Special Agent Basic Training at the ATF National Academy.  The statements set forth in this affidavit are the product of my personal observations, training, and experience, as well as information obtained from other law enforcement officers and witnesses.  The facts

**Criminal Complaint - Page 1**

presented are true and correct to the best of my knowledge and belief, but are not inclusive of all the evidence or information involved with this case.

1.  On May 15, 2025, ATF Special Agent (SA) Derek Peters, using an undercover Texas Gun Trader account, listed an ATF prop Barrett 50 caliber rifle for sale at $9,500.00. Recent trends showed that nefarious actors and firearms traffickers frequently use Texas Gun Trader to acquire firearms, often absent of any National Inst-Check (NICS) background check or paperwork. Because of this increasing trend, ATF listed a Barrett 50 caliber firearm for sale because this type of firearm is most often sought after by warring criminal elements in Mexico, and other locations.

2.  On June 3, 2025, the undercover account was contacted by an individual using Texas Gun Trader name "Bigtexoscar" about the Barrett 50 caliber rifle for sale. "Bigtexoscar" stated that another individual using cellular telephone number (945) 226-6027, wished to purchase the firearm; however, that individual was unable to create a Texas Gun Trader account to communicate directly with SA Peters.

3.  ATF analysts reviewed the provided (945) 226-6027 phone number, and subscriber information, which showed it belonged to Leah Rios, the wife of **Joel Espinoza Gudino**, and that the cellphone number was associated with three (3) separate criminal investigations led by the Drug Enforcement Administration (DEA). Analysts observed that the phone number was also assigned to a WhatsApp account under the name "Hoel Gudino," and showing a photo of a red Dodge Charger with black rims and the "SRT" insignia in the middle of the vehicle's front grill. Analysts then reviewed **Espinoza**'s social media which showed the same red Dodge Charger with black rims and the "SRT" insignia in the middle of

Criminal Complaint - Page 2

the vehicle's front grill on his Facebook account. Analysts also confirmed that this red Dodge Charger, bearing Texas License Plate: VDW-414, was registered to **Espinoza**.

4.  Analysts, in collaboration Homeland Security Investigations (HSI) Special Agent (SA) Cullen Walsh, conducted immigration searches on **Espinoza** and revealed that **Espinoza** was issued a Final Order of Removal by an Immigration Judge on August 9, 2019.

5.  SA Walsh advised that in June 2022, **Espinoza**'s wife, Leah Rios, filed an I-130 (Petition for Alien Relative) for **Espinoza**. That petition was approved but the approval did not grant status in the United States, meaning that the United States Citizenship and Immigration Services (USCIS) recognized this claim as a bonafide relationship between Rios and **Espinoza**, but did not grant any admissibility status to **Espinoza**.

6.  SA Walsh then advised that in September 2023, **Espinoza** filed an I-212 (APPLICATION TO REAPPLY FOR ADMISSION AFTER DEPORTATION OR REMOVAL); however, that petition was not approved and presently pending.

7.  SA Walsh also conducted a call history report for the Target Cellphone. These subpoenaed records were then reviewed by SA Peters and ATF analysts. While reviewing these records, it was revealed that the Target Cellphone telephonically contacted at least five (5) different Federal Firearms Licensees (FFLs) at least thirteen (13) times since March 2025.

8.  After learning this SA Peters messaged (945) 226-6027 asking if the individual was interested in purchasing the Barrett 50 caliber rifle, to which the individual affirmed and asked for photos; SA Peters then

provided a photo of the prop Barrett 50 caliber rifle. **Espinoza** then responded by showing a photo of multiple quantities of cash secured together by multiple rubber bands in his hand, and claiming that he was ready to immediately purchase the firearm. In the background of the photo a gun safe is visible with apparent handguns placed within pockets of the gun safe doors.

9.    **Espinoza** then repeatedly messaged SA Peters exclaiming to be adamant about purchasing the firearms and ensuring that the sale was legitimate. **Espinoza** then stated, "ok sir I'm serious I want the 50."

10.    **Espinoza** then asked for SA Peters name, to which SA Peters replied "Jorge," and **Espinoza** responded by identifying himself as "Joel."

11.    **Espinoza** then began communicating in the Spanish language and messaged "para ya aser trato bien y los miramos en un lugar donde aiga jente," which, after conferring with ATF Agents who are fluent in the Spanish language, meant to arrange the firearm transaction deal in a public location.

12.    Because the conversation became largely Spanish based SA Peters enlisted the services of ATF undercover SA #4155 take over the communications.

13.    **Espinoza** told SA #4155 that he wanted the rifle to shoot at his stepfather's ranch in Kaufman, TX. SA #4155 asked if **Espinoza** wanted to purchase additional firearms, to include a fully automatic M60 machinegun, to which **Espinoza** responded that he wanted to purchase the Barrett rifle first, and then entertain additional firearms sales.

14. SA #4155 arranged to meet with **Espinoza** on June 10, 2025, at a public location located in the Eastern District of Texas to conduct the firearm transaction. **Espinoza** agreed to pay $8,000 in cash and provide an AK47 rifle for the Barrett 50 caliber rifle.

15. On June 10, 2025, an individual, later identified as **Rodrigo Angel**, arrived at the deal location and met with SA #4155, who, while operating in an undercover capacity, discussed the present firearm transaction with **Angel**. While discussing the firearm transaction, **Espinoza** was observed approaching SA #4155 on foot from a separate parking area. SA #4155 greeted **Espinoza**, and **Espinoza** pulled a large sum of cash from his pocket and showed it to SA #4155 affirming to have the purchase funds. SA #4155 showed **Espinoza** and **Angel** the Barrett rifle again to conduct the transaction; however, **Espinoza** did not want to provide the funds to SA #4155, but demanded the firearm be placed in the vehicle used by **Espinoza** and **Angel**. SA #4155 did not transfer the rifle but rather asked to see the AK47 rifle that was intended to be part of the transaction; **Espinoza** and **Angel** claimed the AK47 rifle was in the back of their vehicle. SA #4155 looked in their vehicle but did not observe the firearm. Feeling that SA #4155 was being setup for a robbery, responding law enforcement units approached and detained **Angel** and **Espinoza**. Both individuals were then transported to The Colony Police Department Jail for interviews.

16. SA Peters advised **Espinoza** of his Miranda Rights in the Spanish language to which he claimed to understand his Rights and signed the form; this was witnessed by SA Nieves.

17. **Espinoza** claimed he did not know the sum of cash in his possession, and claimed that a different, unidentified individual, provided him the cash to

**Criminal Complaint - Page 5**

conduct the purchase. **Espinoza** advised that after purchasing the firearm he was going to provide it to the unidentified individual. **Espinoza** refused to identify the financier, and requested an attorney at that time; after requesting an attorney all questioning ceased.

18. SA Ross Walker advised **Angel** of his Miranda Rights in his preferred English language; this was witnessed by SA Anoop Alexander. **Angel** understood his Rights and agreed to speak without an attorney present.

19. **Angel** was asked by **Espinoza** to purchase the firearm for him and that **Angel** would be paid $100.00 for the transaction. **Angel** and **Espinoza** drove over one hour to the deal location in **Angel**'s vehicle, after first meeting at **Angel**'s residence. **Angel** negotiated the firearm transaction with SA #4155 on behalf of **Espinoza**, and during the mirandized interview stated that he was aware **Espinoza** was an undocumented alien unable to lawfully possess firearms.

20. **Angel** was aware that the transaction was supposed to consist of $8,000 and an AK47 rifle for the Barrett rifle. He explained that because he and **Espinoza** did not have the AK47 rifle, that they were hoping to negotiate a lower price, but denied having any intentions of robbing SA #4155, and denied possessing any firearms.

Based upon the above facts and circumstances, I respectfully submit that there is probable cause to believe that **Joel Espinoza Gudino** and **Rodrigo Angel** did conspire to knowingly and unlawfully possess a firearm, to wit a Barrett, model 82A1, 50 caliber rifle, bearing serial number AA001056 in violation of 18 U.S.C. § 922(g)(5)(A) and 371.

_____
Special Agent Derek Peters
Bureau of Alcohol, Tobacco, Firearms, and Explosives


Subscribed and sworn to before me on June 13, 2025.

_____
HONORABLE AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF TEXAS

**Criminal Complaint - Page 7**